Odell **MARBLEY,** Appellant
(Defendant Below),

v.

**STATE of Indiana,** Appellee
(Plaintiff Below).

No. 49S00–9609–CR–616.

Supreme Court of Indiana.

Dec. 11, 1997.

---

Walter E. Bravard, Jr., Indianapolis, for Appellant.

Jeffrey A. Modisett, Attorney General, and Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, for Appellee.

BOEHM, Justice.

Odell Marbley appeals from convictions for conspiracy to commit murder, murder, and attempted murder. Marbley was tried and convicted on all three counts together with four other defendants—Eddie Dean Gregory, Joseph Morrow, Darren Ridley, and Derrick Williams. The issues he raises in this direct appeal are identical in substance to issues we examined in Derrick Williams' direct appeal, *Williams v. State*, 690 N.E.2d 162 (Ind.1997), also decided today. Marbley contends that: (1) security measures imposed by the trial court imped-ed access to the courtroom in violation of the right to a public trial protected by § 13 of the Indiana Constitution and by the Sixth Amendment of the United States Constitu-tion; (2) the evidence was insufficient to support the convictions; and (3) the trial court did not sufficiently articulate reasons for imposing either enhanced sentences or consecutive sentences and the sentences were manifestly unreasonable.[1] We affirm the convictions for conspiracy to commit murder and for murder. Because Indiana law prohibits conviction of both conspiracy and attempt to murder the same person, we reverse the conviction for attempted murder and remand for new sentencing.

Briefly, the defendants, members of a gang, planned to kill Stacey Reed in retalia-tion for Reed's interference in the gang's drug operations. The defendants amassed a stockpile of assault rifles, ventured to the apartment complex where they believed they would find Reed, and, standing shoulder to shoulder, blasted a hail of gunfire at a wall of the complex. A teenager was killed and a child was permanently injured. For a more detailed factual background, *see id.* at 165.

The public trial issue requires no indepen-dent discussion beyond that set forth in *Williams. Id.* at 166. The security mea-sures imposed during the trial affected all defendants equally. Because Marbley's con-tention on appeal is the same as Williams', our analysis of the issue presented is also the same, and no reversible error is presented.

When we review the sufficiency of the evidence we examine only the evidence most favorable to the convictions and the reasonable inferences therefrom. If there is substantial evidence of probative value to sustain the convictions, they will not be set aside. *Vance v. State*, 640 N.E.2d 51, 57 (Ind.1994). Marbley's sufficiency of the evi-dence claim requires independent treatment from Williams' because evidence sufficient to convict one defendant is not necessarily suffi-cient to convict another. In this case, the facts recited as to Williams are largely appli-

---

1. Marbley also contends that the trial court erred in instructing the jury on the elements of at-tempted murder. Because we reverse the con-viction for attempted murder on other grounds, we do not address this claim.

cable to Marbley as well. In addition to those facts, several pieces of specific evidence are significant with respect to Marbley. Andre Gaston[2] identified Marbley as present at the initial meeting when Williams announced the group's intention to kill Reed. Gaston, Eugene Childs, and Melvin Cornelious—two other gang members involved—all named Marbley as present when the group convened for the second time, talked about killing Reed, and sat amidst an arsenal of loaded weapons and ammunition. Cornelious identified Marbley as a member of the gang. The police seized an AK–47 assault rifle from Marbley two months after the incident. Finally, Gaston identified Marbley as one of the shooters and Cornelious and Childs both confirmed that Marbley rode in one of the cars that set off on the mission to "get" Reed. In sum, there was an abundance of evidence of probative value to sustain Marbley's convictions for conspiracy to commit murder and murder.

■ Finally, as to the sentencing issue, the trial court sentenced Marbley to enhanced consecutive sentences for all three charges: fifty years each for conspiracy and attempted murder, and sixty years for murder. Marbley contends, as did Williams, that the trial court's articulation of aggravating factors was not sufficient to justify imposition of enhanced or consecutive sentences, that the court did not properly distinguish between the separate decisions of enhancement and consecutive sentences, and that the sentences were manifestly unreasonable. Because we vacate the conviction for attempted murder, we consider only the sentences for conspiracy to commit murder and murder. At Marbley's sentencing hearing, the court found a long list of aggravating factors, including that: (1) Marbley had been released from prison just five days prior to the shooting; (2) he had prior convictions for second degree murder, manslaughter, possession of a firearm, and carrying a handgun without a

license; and (3) he once deserted from the United States Marines. The court also noted that Marbley had had plenty of opportunity for rehabilitation but that it seemed not to have done much good. One aggravating factor is enough to justify an enhanced sentence. *Isaacs v. State*, 673 N.E.2d 757, 765 (Ind.1996). This list of aggravators is more than enough to justify maximum, consecutive sentences.

Marbley further contends that the court did not properly distinguish between the decision to enhance and the decision to impose consecutive sentences. However, the record reflects that the court considered the question separately and found that justice would not be served by concurrent sentences. The sentences were within the trial court's discretion, *Ector v. State*, 639 N.E.2d 1014, 1015 (Ind.1994), and were not manifestly unreasonable. Ind.Appellate Rule 17(B).

We affirm the convictions for conspiracy to commit murder and for murder. As explained in *Williams*, because Marbley was sentenced for both a conspiracy and an attempt for the same underlying crime, in direct conflict with Indiana Code § 35–41–5–3(a), we reverse the conviction for attempted murder. *Williams*, 690 N.E.2d at 171. In addition, for reasons stated in *Ridley v. State*, 690 N.E.2d 177, 182 (Ind.1997), on remand the trial court must include language in the sentencing order indicating that Marbley shall not be imprisoned for failure to pay any fines or costs assessed by the court.[3]

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.

---

2. Gaston was one of the five shooters but was not a co-defendant in this case. He pleaded guilty to the conspiracy charge in exchange for his testimony, a thirty year sentence, and dropped charges on the murder and attempted murder counts.

3. Marbley, like Ridley, was fined $40,000 as part of his sentence and pauper appellate counsel was appointed for his appeal. Under *Whitehead v. State*, 511 N.E.2d 284, 296 (Ind.1987) fines may not be imposed on an indigent unless the sentencing order expressly states that the defendant shall not be imprisoned for failing to pay. The