Frank R. REMBUSCH, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0412–CR–1092.

Court of Appeals of Indiana.

Nov. 8, 2005.

Rehearing Denied Jan. 25, 2006.

John D. Fierek, Voyles, Zahn, Paul, Hogan & Merriman, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, for Appellee.

**1.** Ind.Code § 9–30–5–1(b).

**2.** Ind.Code § 7.1–5–1–3.

## OPINION

BAKER, Judge.

Appellant-defendant Frank R. Rembusch appeals his convictions for Operating a Motor Vehicle With a Blood Alcohol Content (BAC) of at Least .15%,[1] a class A misdemeanor, and Public Intoxication,[2] a class B misdemeanor, raising a number of issues. Specifically, Rembusch argues that: (1) the admission of the breath machine certification in this case violated the Confrontation Clause[3] of the United States Constitution and his right to meaningful cross-examination, and the State failed to establish a proper foundation for its admission; (2) the breath test results were erroneously admitted because of hearsay prohibitions; (3) the BAC conviction must be reversed because the State failed to prove Rembusch's alcohol level at the time he operated the vehicle; and (4) the evidence was insufficient to support the conviction for public intoxication. Concluding that there was no error, we affirm the judgment of the trial court.

## FACTS

On July 27, 2003, at approximately 7:00 a.m., Rembusch was driving an automobile southbound on Michigan Road in Indianapolis "at a high rate of speed[.]" Tr. p. 6–8, 59. As Rembusch approached an intersection, the light turned red, yet he proceeded through the intersection. His vehicle was struck by another automobile driven by Donna Bell. Anthony Smith, who witnessed the accident, stopped his vehicle and approached the accident scene on foot.

When Smith approached, he smelled alcohol on Rembusch's breath. Marion County Sheriff's Deputy Neil Holder—who was told by other witnesses at the

**3.** U.S. Const. Amend. VI.

scene that Rembusch had been driving—noticed the odor of alcohol on Rembusch and that he was staggering. Deputy Holder also noticed that Rembusch's speech was slurred and that his eyes were bloodshot. Deputy Holder then drove Rembusch to one of the police department's intake facilities. Thereafter, Sheriff's Deputy Eli Raisovich arrived at the facility and administered a breath test to Rembusch. Rembusch's BAC was determined to be .18% at 8:40 a.m.

As a result of this incident, Rembusch was charged with the above offenses, and the case proceeded to a bench trial on November 17, 2004. At trial, the State moved to admit its exhibit labeled number two through Deputy Sheriff Eli Raisovich. The exhibit consisted of a certificate of inspection and compliance for DataMaster machine 950194, which was the machine that was used to test Rembusch's breath on the date of arrest. During some preliminary questions, Deputy Raisovich admitted that he had no part in the certification of the machine, had no knowledge of how the machine was calibrated and that he could not answer any questions regarding the certification process. Consequently, Rembusch objected on the grounds that the admission of the certification violated his right to cross-examination guaranteed by the Sixth Amendment pursuant to the rule announced in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). However, the trial court admitted the exhibit over Rembusch's objection.

The State then moved to admit exhibit number three, which was identified by Deputy Raisovich as the BAC DataMaster evidence ticket. Deputy Raisovich acknowledged that the breath test measures the amount of alcohol on the defendant's breath, yet that test makes no determination as to the amount of alcohol in a person's blood. Rembusch objected to the admission of this exhibit, arguing that the evidence ticket was hearsay and that no statute provided a means for its admission into evidence. This evidence was also admitted over Rembusch's objection.

The State's evidence also indicated that DataMaster number 950194 was inspected and certified on September 10, 2003, and Rembusch's breath test was administered on July 27, 2003. At the close of the evidence, Rembusch was found guilty as charged. While Rembusch was sentenced for these offenses, the trial court stayed the sentence pending this appeal.

## DISCUSSION AND DECISION

### I. The Confrontation Clause, Crawford and the Certification Documents

Rembusch first contends that permitting the admission of test results by certification documents and a BAC DataMaster Evidence Ticket violates the Confrontation Clause. In essence, Rembusch maintains that his conviction must be reversed because the certification of breath test instruments is testimonial in nature, and that the United States Supreme Court's opinion in *Crawford* controls the outcome of this case.

In addressing this issue, we note that this court addressed the precise question that Rembusch presents today in *Napier v. State*, 820 N.E.2d 144 (Ind.Ct.App.2005) (*Napier I*), modified on rehearing, 827 N.E.2d 565 (Ind.Ct.App.2005) (*Napier II*). In *Napier I*, we determined that

[T]he procedures permitted by our [S]upreme [C]ourt and our legislature for establishing a foundation for the admission of the certifications regarding the breath test machine and the regulations of the Toxicology Department do not run afoul of the rule announced in *Crawford* and the Confrontation Clause.

*Id.* at 150. In the end, we determined'that certificates of inspection and compliance of breath instruments are not testimonial in nature and, thus, do not fall within the rule announced in *Crawford. Id.* at 149; *see also Napier II,* 827 N.E.2d at 566.

As we acknowledged in *Napier I,* the certificates regarding the inspection and compliance with relevant regulations of breath test instruments are admissible in a prosecution for operating a motor vehicle with a BAC of .15% or greater. *See* Ind. Code § 9–30–6–5(c)(1). Those certificates are not prepared at a judicial proceeding or during police interrogation. Moreover, they are not sworn affidavits and do not contain formalized testimonial materials. And breath test machine operators are not certified for purposes that relate to any particular case. *Napier II,* 827 N.E.2d at 569. Rather, the certificates serve an administrative function and are prepared in a routine manner rather than for the purpose of an individual case. That said, we do not believe that the admission of a certificate of inspection and compliance of a breath test instrument belong to that class of evidence involving "prior testimony at a preliminary hearing, before a grand jury or at a former trial; and to police interrogations" that the *Crawford* court identified as the "modern practices with closest kinship to the abuses at which the Confrontation Clause was directed." *Crawford,* 541 U.S. at 68, 124 S.Ct. 1354.

That said, Rembusch's argument fails with respect to this issue.

■ In a related issue, Rembusch goes on to contend that the breath test instrument certification was erroneously admitted into evidence because the date listed on the certification that was admitted is "9/10/2003," and his breath test was administered on July 27, 2003. Appellant's Br. p. 17. Therefore, Rembusch argues that the State failed to present sufficient evidence that the machine on which he tested was ever inspected or approved before the test was administered.

■ In addressing this issue, we initially observe that the admission of evidence is a determination entrusted to the discretion of the trial court. *Adkins v. State,* 703 N.E.2d 182, 186 (Ind.Ct.App.1998). We will reverse a trial court's decision only when the court's action is clearly against the logic and effect of the facts and circumstances before it. *Id.*

■ Although Rembusch attempts to frame this issue in terms of a challenge to the sufficiency of the evidence, *see* appellant's br. p. 17, reply br. p. 2, it is apparent to us that he is actually contending that the State failed to lay a proper foundation for the admission of the breath test instrument certification under Indiana Code section 9–30–6–5(c).[4] That said, we note that a contemporaneous objection is generally required to preserve an issue for appeal. *Anderson v. State,* 653 N.E.2d 1048, 1051

4. This statute provides that
    Certified copies of certificates issued in accordance with rules adopted under subsection (a):
    (1) are admissible in a proceeding under this chapter, IC 9–30–5, IC 9–30–9, or IC 9–30–15;
    (2) constitute prima facie evidence that the equipment or chemical:
    (A) was inspected and approved by the department of toxicology on the date specified on the certificate copy; and
    (B) was in proper working condition on the date the breath test was administered if the date of approval is not more than one hundred eighty (180) days before the date of the breath test;
    (3) constitute prima facie evidence of the approved technique for administering a breath test; and
    (4) constitute prima facie evidence that the breath test operator was certified by the department of toxicology on the date specified on the certificate.

(Ind.Ct.App.1995). The purpose of such a rule is to promote a fair trial by precluding a party from sitting idly by and appearing to assent to an offer of evidence or ruling by the court only to cry foul when the outcome goes against him. *Purifoy v. State,* 821 N.E.2d 409 (Ind.Ct.App.2005), *trans. denied.* Here, Rembusch failed to object to the lack of foundation regarding the breath test instrument certification at trial. Hence, the Sate had no opportunity to cure any alleged deficiencies, and Rembusch has failed to show that the State could not have provided the required foundation had a proper objection been lodged. Because Rembusch failed to timely object, he has waived the issue. *See id.* at 412–13.

## II.  Admission of Breath Test Results

■  Next, Rembusch argues that the breath test ticket was improperly admitted at trial. Specifically, he claims that breath test printouts are hearsay evidence, that our statutes only allow for the admission of test results directly expressed in terms of alcohol on the breath, and that expert testimony is required with respect to the amount of alcohol in the defendant's blood.

In resolving this issue, we first set forth the provisions of Indiana Code section 9–30–6–15(a):

(a) At any proceeding concerning an offense under IC 9–30–5 or a violation under IC 9–30–15, evidence of the alcohol concentration that was in the blood of the person charged with the offense: (1) at the time of the alleged violation; or (2) within the time allowed for testing under section 2 of this chapter; *as shown by an analysis of the person's breath, blood, urine, or other bodily substance is admissible.*

(Emphasis added).

■  In *Sales v. State,* it was recognized that our legislature was attempting to vali-date the use of breath tests in prosecutions in accordance with the above statute. 723 N.E.2d 416, 418 (Ind.2000). Moreover, the provisions of Indiana Code section 9–30–6–15 clearly provide that analysis of the person's breath is an acceptable method for measuring the amount of alcohol in a person's blood. Hence, breath test results fall within the hearsay exception. *See Mullins v. State,* 646 N.E.2d 40, 48 (Ind.1995); *Napier II,* 827 N.E.2d at 568–69.

We further point out that the provisions of the statute mention breath analysis as an admissible method of proving BAC without mentioning the need for expert testimony. And another statute, Indiana Code section 9–30–5–1(b), specifically provides that "[a] person who operates a vehicle with an alcohol concentration equivalent to at least fifteen-hundredths gram of alcohol per: (1) one hundred (100) milliliters of the person's blood or (2) two hundred ten (210) liters of the person's breath; commits a Class A misdemeanor." In our view, it is apparent that the policy of the statutory scheme is to provide for the prosecution of intoxicated drivers without the need for expert testimony in every case. To specifically provide for proof of the crime in question through breath test results while, at the same time, rendering those results inadmissible without expert testimony simply yields an absurd result that runs counter to the policy of the statutory scheme in question. That said, Rembusch does not prevail on this issue, and we conclude that the breath test ticket was properly admitted into evidence.

## III.  Statutory Presumption

■  Rembusch next argues that the State was not entitled to the statutory presumption that an individual who tests .15% or more within three hours of operating a vehicle was .15% at the time the

vehicle was operated. In essence, Rembusch argues that he is entitled to a reversal because "the State failed to extrapolate the defendant's breath test or provide a breath test showing the defendant's alcohol level at the time he operated the vehicle." Appellant's Br. p. 5.

Indiana Code section 9–30–6–15(b) provides that

If, in a prosecution for an offense under IC 9–30–5, evidence establishes that:
(1) a chemical test was performed on a test sample taken from the person charged with the offense within the period of time allowed for testing under section 2 of this chapter; and
(2) the person charged with the offense had an alcohol concentration equivalent to at least eight-hundredths (0.08) gram of alcohol per:
(A) one hundred (100) milliliters of the person's blood at the time the test sample was taken; or
(B) two hundred ten (210) liters of the person's breath;
the trier of fact shall presume that the person charged with the offense had an alcohol concentration equivalent to at least eight-hundredths (0.08) gram of alcohol per one hundred (100) milliliters of the person's blood or per two hundred ten (210) liters of the person's breath at the time the person operated the vehicle. However, this presumption is rebuttable.[5]

In examining the above provisions, we note that the provision in question clearly applies to situations where test results indicate a BAC of "at least" .08%. Hence, the plain language of the statute applies to a situation where a test result indicates a BAC of .08% or greater, and .18%—the amount at which Rembusch tested—certainly fits within this provision. Consequently, we reject Rembusch's argument that the State was not entitled to a presumption that Rembusch's BAC was .18% at the time he operated his vehicle.

## IV. Sufficiency of the Evidence— Public Intoxication

■ Finally, Rembusch argues that the evidence was insufficient to support his conviction for public intoxication. To be sure, Rembusch complains that the evidence clearly showed that he "appeared oriented and alert" at the time of the arrest. Appellant's Br. p. 6. Thus, he claims that his conviction must be reversed.

When addressing challenges to the sufficiency of the evidence, this court will not reweigh the evidence or judge the credibility of the witnesses. *Jones v. State,* 783 N.E.2d 1132, 1139 (Ind.2003). Rather, we look only to the probative evidence supporting the verdict and the reasonable inferences therefrom to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id.* If there is substantial evidence of probative value to sustain a conviction, it will not be set aside. *Marbley v. State,* 690 N.E.2d 185, 186 (Ind.1997).

To convict Rembusch of public intoxication, the State had the burden of showing that he was in a public place in a state of intoxication. *See* Ind.Code § 7.1–5–1–3. In this case, Smith testified that he smelled alcohol on Rembusch. Tr. p. 13. Deputy Holder noticed the odor of alcohol on Rembusch, that he was "having balance problems" and staggering around, that Rembusch's speech was slurred, and that

---

**5.** The former statute, Indiana Code section 9–11–4–15, afforded the State a presumption that a person had at least a .10% BAC at the time he or she drove a vehicle if the person tested at least .10% blood alcohol within three hours of the offense.

his eyes were bloodshot. Tr. p. 37, 39, 40, 62–63. And, as discussed above, Rembusch's BAC was tested less than two hours after the accident, measuring .18%. This was sufficient evidence to show that Rembusch was intoxicated. And his argument to the contrary merely amounts to an invitation to reweigh the evidence—one that we decline.

The judgment of the trial court is affirmed.

RILEY, J., and MATHIAS, J., concur.