COURT OF APPEALS OF VIRGINIA


Present:    Judges Clements, Haley and Senior Judge Annunziata
Argued by teleconference


COMMONWEALTH OF VIRGINIA

                                        MEMORANDUM OPINION[*] BY
v.        Record No. 3082-05-1          JUDGE ROSEMARIE ANNUNZIATA
                                                 APRIL 20, 2006
MICHAEL SHAYNE BROWN


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                            Thomas S. Shadrick, Judge

            Eugene Murphy, Senior Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on briefs), for appellant.

            Daniel P. Goode (Indigent Defense Commission, on brief), for
            appellee.


        Michael Shayne Brown was indicted for rape, object sexual penetration, two counts of

forcible sodomy, and burglary.  Brown moved to suppress a report prepared by a Sexual Assault

Nurse Examiner (SANE) on the ground that it violated his Sixth Amendment right to confront

witnesses.  The trial court granted Brown's motion, from which the Commonwealth now

appeals.  We agree with the Commonwealth that the trial court erred in suppressing a redacted

version of the report.  Accordingly, we reverse the trial court's decision and remand this matter

to the trial court.

                                        Background

        The SANE report was prepared by Tracey McDowell following her examination of the

victim on August 3, 2002.  McDowell died prior to trial, prompting the Commonwealth to seek

to introduce the report itself insofar as it related to McDowell's actions in the course of her

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

examination and her observations about the victim's physical condition.  The Commonwealth

agreed to redact McDowell's opinion, as well as the victim's statements to McDowell during the

course of the examination.

Analysis

The sole issue on appeal is whether the trial court erred by refusing to allow into evidence

the redacted SANE report.  The Commonwealth argues the report was not testimonial in nature,

and its admission would, therefore, not violate Brown's Sixth Amendment rights.

"Decisions regarding the admissibility of evidence 'lie within the trial court's sound

discretion and will not be disturbed on appeal absent an abuse of discretion.'"  Michels v.

Commonwealth, 47 Va. App. 461, 465, 624 S.E.2d 675, 678 (2006) (quoting Breeden v.

Commonwealth, 42 Va. App. 169, 184, 596 S.E.2d 563, 570 (2004)).  Whether the SANE report

constitutes "testimonial hearsay" is a question of law, however, and is reviewed *de novo* on

appeal.  Id.

Because the Commonwealth has agreed to redact the SANE report, the sole question

before us is whether the nurse examiner's actions and observations are testimonial in nature.  In

Crawford v. Washington, 541 U.S. 36 (2003), the United States Supreme Court ruled that

"testimonial statements of witnesses absent from trial [are admissible] only where the declarant

is unavailable, and only where the defendant has had a prior opportunity to cross-examine."  Id.

at 59.

> Where nontestimonial hearsay is at issue, it is wholly consistent
> with the Framers' design to afford the States flexibility in their
> development of hearsay law--as does [Ohio v.] Roberts, 448 U.S.
> 56 (1980),] and as would an approach that exempted such
> statements from Confrontation Clause scrutiny altogether.  Where
> testimonial evidence is at issue, however, the Sixth Amendment
> demands what the common law required:  unavailability and a

- 2 -

> prior opportunity for cross-examination.  We leave for another day
> any effort to spell out a comprehensive definition of "testimonial."

Id. at 68 (footnote omitted).

In Blackman v. Commonwealth, 45 Va. App. 633, 613 S.E.2d 460 (2005), we addressed

the meaning of "testimonial" and observed:

> Crawford identifies the "core class" of testimonial evidence to
> include such things as *ex parte* testimony, custodial interrogations,
> affidavits, confessions to police, depositions, prior testimony
> before a grand jury or at a preliminary hearing, or "similar pretrial
> statements that *declarants* would reasonably expect to be used
> prosecutorially."

Id. at 643, 613 S.E.2d at 466 (quoting Crawford, 541 U.S. at 51-52) (emphasis added in

Blackman).[1]

Subsequently, this Court examined the import of the term "testimonial" in Michels.  We

found that documents from the Delaware Secretary of State certifying that two entities were not

corporations licensed in Delaware did not constitute "testimonial hearsay."  In reaching this

conclusion, we compared the documents in question to the examples of testimonial evidence

cited in Crawford.

> [T]he certificate "does not resemble the examples of testimonial
> evidence given by the [Supreme] Court."  [United States v.
> Cervantes-Flores, 421 F.3d 825, 833 (9th Cir. 2005)].  See also
> State v. Carter, 326 Mont. 427, 114 P.3d 1001, 1006 (2005)
> (deciding that a certification report for a breath analysis instrument
> was not testimonial because the report was "not accusatory"); State
> v. Dedman, 136 N.M. 561, 102 P.3d 628, 635 (2004) (finding that
> a blood alcohol report was not testimonial because the reports were
> prepared in a non-adversarial setting such that "the factors likely to
> cloud the perception of an official engaged in the more traditional
> law enforcement functions of observation and investigation of

---

[1] In Blackman, we noted it was unlikely the declarant expected his incriminating statements to an inmate would be "used prosecutorially," but we found it unnecessary to decide whether the statements were "testimonial" in nature because the declarant was available for cross-examination.  Blackman, 45 Va. App. at 644-45, 613 S.E.2d at 466.  "[W]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements."  Crawford, 541 U.S. at 59 n.9.

crime are simply not present" (citation omitted)); People v. Durio, 7 Misc.3d 729, 736, 794 N.Y.S.2d 863 (N.Y. Sup. Ct. 2005) (deciding that an autopsy report was not testimonial); State v. Cook, 2005 WL 736671 (Ohio Ct. App. 2005) (holding that an affidavit by a custodian certifying that he kept records in the ordinary course of business was admissible because the affidavit "is not evidence against appellant"); Denoso v. State, 156 S.W.3d 166, 182 (Tex. App. 2005) (determining that an autopsy report was not testimonial). *We agree with this rationale*.

Michels, 47 Va. App. at 469, 624 S.E.2d at 679-80 (emphasis added).

Two principal reasons underlie the Michels holding regarding the non-testimonial nature of the challenged documents. First, the documents were not "accusatory."[2] Second, the information in the documents was "not obtained in a manner resembling an *ex parte* examination." Id. Rather, they "were prepared in a non-adversarial setting in which 'the factors likely to cloud the perception of an official engaged in the more traditional law enforcement functions of observation and investigation of crime are simply not present.'" Id. at 470, 624 S.E.2d at 680 (quoting Dedman, 102 P.3d at 635).

The actions and observations in which the SANE nurse engaged in this case may be analogized to the treatment accorded laboratory results under Crawford. Laboratory results which "state the results of a well-recognized scientific test," Commonwealth v. Verde, 827 N.E.2d 701, 705 (Mass. 2005), have been classified as non-testimonial in other jurisdictions. Dedman, 102 P.3d at 635, cited with approval in Michels, 47 Va. App. at 469, 624 S.E.2d at 679-80. Such reports are "neither discretionary nor based on opinion." Verde, 827 N.E.2d at 705. See also People v. Johnson, 18 Cal. Rptr. 3d 230 (Cal. Ct. App. 2004), cited with approval in Michels, 47 Va. App. at 467, 624 S.E.2d at 679. Critically, such laboratory reports do not involve statements to the police or other government agents acting in their stead, which accuse

---

[2] "Crawford emphasized that a principal aim of the Confrontation Clause is to protect a criminal defendant from accusations of criminal wrongdoing." Michels, 47 Va. App. at 470, 624 S.E.2d at 680.

another person of a crime.  Id. at 233 ("A laboratory report does not 'bear testimony,' or function as the equivalent of in-court testimony.")  Cf. United States v. Mendoza-Orellana, 133 F.App'x 68, 70 (4th Cir. 2005); Napier v. State, 827 N.E.2d 565, 569 (Ind. 2005) (documents verifying that the operator of a breathalyzer was certified and that the machine was properly functioning were not testimonial).  Such reports are, moreover, not prepared in an adversarial setting.  Dedman, 102 P.3d at 635 (blood alcohol reports not testimonial because they are prepared in a non-adversarial setting); Durio, 794 N.Y.S.2d at 869 (autopsy report not testimonial);[3] Denoso, 156 S.W.3d at 182 (autopsy report not testimonial).  As this Court in Michels concluded, such documents are not "akin to the '"principal evil at which the Confrontation Clause was directed . . . particularly its use of *ex parte* examinations[4] as evidence against the accused'" but were instead more similar to routine business records."  Michels, 47 Va. App. at 467, 624 S.E.2d at 679 (footnote added).

In the instant case, the factors identified in Crawford that would compel suppression of the evidence are not present.  The SANE report contains no accusations whatsoever.  The report is the result of a physical examination of the victim; it reports the injuries she sustained and indicates the tissue and other biological samples taken from the victim and which were submitted for laboratory analysis to determine the need for treatment.  The report was, furthermore, not

---

[3] The court noted that such reports are "not manufactured for the benefit of the prosecution" and that they are "often conducted before a suspect is identified or even before a homicide is suspected."  Durio, 794 N.Y.S.2d at 868-69.  It further observed that the use of the report as evidence in a homicide trial "does not mean that it was composed for that accusatory purpose or that its use by a prosecutor is the inevitable consequence of its composition."  Id. at 869.

[4] *Ex parte* proceedings were identified in Crawford as "the principal evil at which the Confrontation Clause was directed."  Such proceedings constituted "the civil-law mode of criminal procedure."  Crawford, 541 U.S. at 50.  Under the civil law, testimony could be "adduced through private examination of witnesses by judicial officers [which] might be used against the defendant at trial without the opportunity for cross-examination."  United States v. Summers, 414 F.3d 1287, 1301 (10th Cir. 2005).

derived from information gathered in an adversarial setting where "'the factors likely to cloud the perception of an official engaged in the more traditional law enforcement functions of observation and investigation of crime,'" are likely to be present. <u>Michels</u>, 47 Va. App. at 470, 624 S.E.2d at 680 (quoting <u>Dedman</u>, 102 P.3d at 635).

For the reasons stated, we find that the SANE report, as redacted, does not implicate the Sixth Amendment concerns raised in <u>Crawford</u>. Accordingly, we reverse the trial court's judgment and remand this matter to the trial court for further proceedings.

<u>Reversed and remanded.</u>