

**FILED**

Dec 21 2015, 5:44 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

John R. Watkins
Arata Law Firm
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Edward Wolpert,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 21, 2015

Court of Appeals Case No.
01A02-1506-CR-561

Appeal from the Adams Superior
Court

The Honorable Patrick R. Miller,
Judge

Trial Court Cause No.
01D01-1412-CM-339

**May, Judge.**

Edward Wolpert appeals his conviction of Class A misdemeanor operating a vehicle with an alcohol concentration equivalent of .15 or more.[1] Wolpert argues the trial court abused its discretion when it admitted his EC/IR II test[2] results because the State did not lay a proper foundation for the admission of that evidence. We affirm.

## Facts and Procedural History

On December 19, 2014, police stopped Wolpert's vehicle. The officer noticed the smell of alcohol on Wolpert's breath and asked Wolpert if he would submit to a chemical test to determine his blood alcohol content. Wolpert agreed and was transported to the Adams County Sheriff's Office where Officer Derek Loshe administered a breath test using the Intox EC/IR II. Wolpert's breath samples tested at .151 and .153 grams per 210 liters of breath.

The State charged Wolpert with Class A misdemeanor operating a vehicle with an alcohol concentration equivalent to .15 or more. During Wolpert's bench trial, he objected to the admission of the test results from the Intox EC/IR II, arguing the State did not lay a proper foundation because it had not proved the certification of the dry gas used to calibrate the Intox EC/IR II that tested Wolpert. The trial court denied Wolpert's objection and convicted him of Class

[1] Ind. Code § 9-30-5-1(b).

[2] The EC/IR test is a chemical test that uses two breath samples to determine the alcohol content in a person's body.

A misdemeanor operating a vehicle with an alcohol concentration equivalent to .15 or more.

## Discussion and Decision

[4] "The admission of chemical breath test results is left to the sound discretion of the trial court and will be reviewed for an abuse of discretion." *Fields v. State*, 807 N.E.2d 106, 109 (Ind. Ct. App. 2001), *trans. denied*. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law. *Nivens v. State*, 832 N.E.2d 1134, 1136 (Ind. Ct. App. 2005), *reh'g denied*. The State has the burden of establishing the foundation for admitting the results. *Fields*, 807 N.E.2d at 109. A trial court ruling will be upheld if it is sustainable on any legal theory supported by the record, even if the trial court did not use that theory. *Rush v. State*, 881 N.E.2d 46, 50 (Ind. Ct. App. 2008).

[5] The results of a chemical test involving the analysis of a person's breath are not admissible in a proceeding concerning driving while intoxicated, Ind. Code § 9-30-5-1(b), if "(1) the test operator; (2) the test equipment; (3) the chemicals used in the test, if any; or (4) the techniques used in the test; have not been approved in accordance with the rules adopted under subsection (a)." Ind. Code § 9-30-6-5(d). Under subsection (a), the director of the state department of toxicology is required to adopt rules regarding, in relevant part: "(2) Standards and

regulations for the: (A) selection; and (B) certification; of breath test equipment and chemicals." Ind. Code § 9-30-6-5(a).

[6] Wolpert argues the State did not prove the "chemicals used in the test" were certified under Ind. Admin. Rule 2-3-5, which states:

> The property values of chemicals used in the inspections described in section 2 of this rule and used as controls in the performance of evidentiary breath tests shall be certified by a procedure that establishes traceability to an accurate realization of the unit in which the property values are expressed, and for which each certified value is accompanied by an uncertainty at a stated level of confidence.

[7] However, the State need not admit evidence that demonstrates the certification of the chemicals alone because proof of that certification is provided by the certificate that proves the breath test equipment passed the required inspection. It is included in the administrative rule regarding certification and inspection of the breath test equipment, which states in relevant part:

> (a) A person authorized by the department shall inspect each breath test instrument at the instrument's established location at least once every one hundred eighty (180) days. If the location of a breath test instrument is changed, the instrument must be inspected and certified under this rule prior to use.
>
> (b) The inspection shall include at least one (1) test demonstrating that the breath test instrument:
>
>> (1) is in good operating condition; and

(2) satisfies the accuracy requirements in subsection . . . (f).

(c) *The inspection shall include tests using ethanol-water or ethanol-gas standards selected and certified under section 5 of this rule to simulate breath samples.*

(d) The analytical results of inspection tests shall be expressed to the third decimal place.

\* \* \*

(f) The analytical results of Intox EC/IR II breath test instruments shall not deviate more than five percent (5%) or 0.005, whichever is greater, from the certified value of the ethanol-water standard or the value adjusted for the ambient barometric pressure of the certified ethanol-gas standard.

260 Ind. Admin. Rule 2-3-2 (2014) (emphasis added).

[8] The State entered into evidence the signed "Certificate of Inspection and Compliance of Breath Test Instrument," which stated "Inspection of the instrument listed below was performed pursuant to 260 IAC 2, and it is hereby certified that the instrument is in compliance with the standards of 260 IAC 2-3-2[.]" (State's Exhibit 1.) This certificate was "admissible and constitute[d] prima facie evidence that the equipment or chemical was inspected and approved by the Department of Toxicology and was in proper working condition on the date of the chemical breath test if the approval was given not more than 180 days before the chemical breath test." *Fields*, 807 N.E.2d at 111. Ind. Admin. Rule 2-3-2 requires that the inspector examine not only the device

but also the chemicals used within. The State provided evidence such certification existed. We therefore cannot say the trial court abused its discretion when it admitted the results of Wolpert's breath test.[3]

## Conclusion

[9] The trial court did not abuse its discretion when it admitted the results of Wolpert's breath test because the State provided a proper foundation for its admission by submitting the inspection certification as required by Ind. Code § 9-30-6-5(d). Accordingly, we affirm.

[10] Affirmed.

Crone, J., and Bradford, J., concur.

---

[3] Both parties cite *State v. Rumple*, 723 N.E.2d 941 (Ind. Ct. App. 2000), in support of their respective arguments. However, our decision in *Rumple* was based on a now-repealed version of the Indiana Administrative Code regarding the certification of devices used to measure a person's BAC and thus is not applicable to this case.