## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 24 2017, 10:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Bart M. Betteau
Betteau Law Office, LLC
New Albany, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana,

*Appellant-Plaintiff,*

v.

Brian Gibson,

*Appellee-Defendant*

May 24, 2017

Court of Appeals Case No.
10A05-1701-CR-5

Appeal from the Clark Circuit Court

The Honorable Joseph P. Weber, Judge

Trial Court Cause No.
10C03-1604-CM-1066

**Baker, Judge.**

The State of Indiana appeals the trial court's order suppressing the chemical breath test result of Brian Gibson. Finding that the order was erroneous, we reverse and remand for further proceedings.

## Facts

On April 16, 2016, Indiana State Trooper Justin Meers was working traffic enforcement in Clark County when he observed a vehicle traveling at a high rate of speed. After the vehicle turned left without using a turn signal, Trooper Meers conducted a traffic stop.

Gibson was the driver of the vehicle, and when Trooper Meers made initial contact with Gibson, the officer detected the odor of an alcoholic beverage emitting from Gibson and the vehicle. Gibson had glassy, bloodshot eyes, slowed speech, and poor manual dexterity. He admitted to drinking two or three beers approximately one hour earlier. Trooper Meers conducted a portable breath test, which indicated a breath alcohol concentration of .139. Trooper Meers then administered field sobriety tests; Gibson failed two of the three tests.

At that point, Trooper Meers transported Gibson to the Clark County Jail, where Gibson agreed to submit to a chemical breath test. During the initial test, Gibson had three chances to provide air samples, but the instrument indicated that all three samples were insufficient. Following those three samples, the test printout indicated "insufficient sample." Tr. p. 19. Trooper Meers then restarted the test and again provided Gibson with opportunities to

provide air samples. The second test printout again indicated "insufficient sample," but also indicated a breath alcohol concentration of .136.

[5] On April 26, 2016, the State charged Gibson with Class C misdemeanor operating a vehicle while intoxicated, Class C misdemeanor operating a vehicle with a blood alcohol concentration of .08, and Class A misdemeanor operating a vehicle while intoxicated endangering a person. On August 22, 2016, Gibson filed a motion to suppress the result of the chemical breath test. Following a hearing, the trial court granted the motion to suppress on December 7, 2016. The State now appeals.

## Discussion and Decision

[6] When reviewing a trial court's order admitting or excluding chemical breath test results, we will reverse only if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or if the trial court has misinterpreted the law. *Wolpert v. State*, 47 N.E.3d 1246, 1247 (Ind. Ct. App. 2015), *trans. denied*. We apply a de novo standard of review to questions of law. *State v. Keck*, 4 N.E.3d 1180, 1183 (Ind. 2014). In this case, the State is appealing from a negative judgment; consequently, it must show that the trial court's ruling was contrary to law. *State v. Washington*, 898 N.E.2d 1200, 1203 (Ind. 2008).

[7] The State has the burden of establishing the foundation for the admission of chemical breath test results because the State is the party offering the results of the test. *State v. Johanson*, 695 N.E.2d 965, 966-67 (Ind. Ct. App. 1998).

Chemical breath test results are not admissible if the test operator, test equipment, chemicals used in the test, or techniques used in the test were not approved in accordance with the rules adopted by the Department of Toxicology. Ind. Code § 9-30-6-5(d).[1]

[8] Initially, we note that Gibson argues that the trial court properly suppressed this evidence because Trooper Meers failed to follow proper procedure. Gibson finds fault with the fact that Trooper Meers had him provide three breath samples for the first test, arguing that it should have been three separate tests. The Administrative Code, however, plainly anticipates that the machine will prompt for more than one breath sample per test result. 260 Ind. Admin. Code 2-4-2(a) (*see* Steps Ten and Eleven). The State also points out that the Department of Toxicology's publicly available training guide explains that the breath test machine will require a third breath sample to complete a test where the first two samples are inconsistent. Reply Br. p. 6. Therefore, we find no evidence tending to show that Trooper Meers failed to follow proper procedure in conducting these tests.

[9] The Indiana Administrative Code directs an individual administering a breath test to take certain steps if the machine indicates that the sample is insufficient:

> If "Insufficient Sample" . . . is printed on the instrument report,
> perform an additional breath test, beginning with STEP TWO

---

[1] The General Assembly amended subsections of this statute in 2017, but those amendments are not relevant to this appeal.

and proceeding through STEP TWELVE. If "Insufficient Sample" . . . is printed on the instrument report after this additional breath test:

(A)    obtain an alternate chemical test for ethanol;

(B)    perform a breath test on another breath test instrument; or

(C)    if a numerical value for the subject's breath ethanol concentration is printed on any instrument report, check the instrument report for the correct date and time and sign the instrument report where indicated.

260 Ind. Admin. Code 2-4-2(b)(5).

[10]    Here, the first chemical breath test result performed by Trooper Meers indicated "insufficient sample." In accordance with the above section, therefore, he administered a second test. The result of the second test was also "insufficient sample," but the second test also printed a numerical value for Gibson's breath ethanol concentration. Pursuant to subsection (C) above, therefore, Trooper Meers checked the instrument report for the correct date and time and signed the report.

[11]    The trial court did not find fault with the actions of Trooper Meers; instead, it was concerned about the reliability of the result because of "the fact that the machine identified the sample as insufficient." Appealed Order p. 1. The General Assembly has mandated that evidence of a person's blood alcohol concentration "is admissible," subject to an exception for situations in which

the person administering the test did not follow proper procedure. I.C. §§ 9-30-6-15(a) (evidence "is admissible), -5 (exception where proper techniques not followed); *see also Rembusch v. State*, 836 N.E.2d 979, 983 (Ind. Ct. App. 2005) (holding that the State may offer breath test results without an expert witness).

[12] We acknowledge the concerns voiced by the trial court:

> We didn't have enough of the sample for the machine to function, but in the instructions, it says but if it happens to spit out a number you just sign off on it and move it on. . . . [T]o me the word insufficient is hard to overcome and using the results from the machine to go forward.

Tr. p. 35-36. These concerns, however, do not affect the *admissibility* of the evidence. The General Assembly has dictated that this type of evidence is admissible unless proper procedures are not followed, and here, the trial court found that Trooper Meers did, in fact, follow proper procedures. *See id.* (noting that Trooper Meers "did what [he was] supposed to do"). Instead, these concerns go to the *weight* of the evidence and must be evaluated and weighed by the trier of fact. Given the plain language of the relevant statutes and the Administrative Code, the evidence is admissible and the trial court erred by suppressing it.

[13] The judgment of the trial court is reversed and remanded for further proceedings.

Barnes, J., and Crone, J., concur.